ALAN NAKAMURA
PO Box 231572
Las Vegas, NV, 89105
(562)489-7910

Pro Se Plaintiff

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

IFP Request

ALAN NAKAMURA

- Plaintiff,

v.

ORANGE COUNTY SHERIFF'S
DEPARTMENT; SHERIFF OFFICERS
ALLEMAND, GARZA, DUDA, AND
UNKNOWN OFFICER DOES 1-5

- Defendants

SACV 16·01464 R(KS)

CIVIL RIGHTS COMPLAINT

Deprivation Of Civil Rights
Under Color Of Law; Battery;
Assault; Excessive Force;
Custom And Policy; Illegal
Detention, Search, Seizure;
Deprivation Of Property;
Denial Of Liberty And Due
Process; Intentional
Infliction Of Emotional
Distress

42 USC S1983
(Jury Trial Demanded)

## I. INTRODUCTORY MATTERS

1. Authority For Causes Of Action: This action arises under the United States Constitution from the provisions of the First, Fourth, Fifth, and Fourteenth Amendments, Federal statutes with particular reference to Title 42 of the United States Code (U.S.C.) Section 1983, 1985, 1986, 1988 and to the Constitution Of The State of California, and under Hafer v. Melo, 502 U.S. 2 (1991); Ashker v. California Department Of Correction, 112 F.3d

- 1 -

392 (9th Cir. 1997), which provides for personal, (individual) liability of state officers for damages under 42 U.S.C. 1983, and state pendant claims.

2. Jurisdiction: The Court has jurisdiction of this cause under 28 U.S.C. S1343 and S1367 and the doctrine of pendant jurisdiction. Plaintiff has exhausted all required state administrative, judicial, or legislative remedies to maintain this action.

3. Venue: The United States District Court For The Southern District of California has venue pursuant to 28 U.S.C. S1391.

4. Plaintiff: Plaintiff Alan Nakamura is a natural individual citizen of the United States Of America.

5. Defendant - ORANGE COUNTY SHERIFF'S DEPARTMENT (hereinafter 'OCSD'): At the time of the incidents complained of herein, Defendant, was and is a municipal corporation organized under the laws of the State Of California And Orange County. Defendant OCSD is responsible for setting Sheriff policy, including but not limited to, policies for OCSD and the employees thereof and had final decision-making authority for all actions taken under the auspices and authority of OCSD.

6. Defendant - OCSD OFFICER ALLEMAND (hereinafter 'ALLEMAND'): Defendant ALLEMAND at all times relevant herein, was an officer employed, compensated, enriched, and rewarded by OCSD, carrying out the policies of the OCSD when he violated Plaintiff's Constitutional rights causing Plaintiff damages. ALLEMAND is being sued in his individual and official capacities.

7. Defendant - OCSD OFFICER GARZA (hereinafter 'GARZA'): Defendant GARZA at all times relevant herein, was an officer

- 2 -

employed, compensated, enriched, and rewarded by OCSD, carrying out the policies of the OCSD when he violated Plaintiff's Constitutional rights causing Plaintiff damages. GARZA is being sued in his individual and official capacities.

8. Defendant - OCSD OFFICER DUDA (hereinafter 'DUDA'): Defendant DUDA at all times relevant herein, was an officer employed, compensated, enriched, and rewarded by OCSD, carrying out the policies of the OCSD when he violated Plaintiff's Constitutional rights causing Plaintiff damages.  DUDA is being sued in his individual and official capacities.

9. Defendants - UNKNOWN OFFICERS DOES 1-5 (hereinafter 'DOES'): Defendants DOES at all times relevant herein, were police officers employed by OCSD carrying out the policies of the OCSD when they violated Plaintiff's Constitutional rights causing Plaintiff damages.  DOES are being sued in their individual and official capacities.  These Defendants will be identified specifically when Plaintiff ascertains their true identities.

10. Individual Capacity Liability: All Defendants are being sued in their individual capacity, and held personally liable for their actions or inactions, on the grounds that they are not authorized to perform illegal functions or acts in their official capacity, and therefore, can be held personally liable for any actions taken, or not taken, which deprived Plaintiff of his Federally-protected Constitutional Rights as well as any State-protected Constitutional rights, and with respect to any state tort committed against the Plaintiff as alleged herein. Ashker v. California Department of Corrections, 112 F.3d 392 (9th Cir. 1997); Demery v. Kupperman, 735 F.2d 1139 (9th Cir. 1984).

11. Knowledge, Gross Negligence, Deliberate Indifference: Plaintiff alleges that at all times herein mentioned that Defendants, by and through its agents and employees, knew or should have known about the illegal and unconstitutional conduct of the Defendants herein complained of and with gross negligence and deliberate indifference ignored the illegality and unconstitutionality of said activities and conduct and the unlawful deprivation of Plaintiff's Constitutional Rights.

12. Color Of Law: Defendants and each of them committed each of the acts hereinafter alleged and each said Defendant acted under the color and pretense of the statutes, ordinances, regulations, policies, customs, and usages of Orange County and the State Of California, under the authority of their offices.

13. Policy, Custom, Usage: Each of the acts alleged herein was done pursuant to an official policy, sanctioned and established as mentioned hereinafter, through usage, practice, and custom. OCSD, by and through its agents, servants, and employees sanctioned, approved, ratified and acquiesced in the conduct alleged herein. The official custom and policy established by OCSD and complained of herein is the unlawful, unreasonable, assault, battery, and arrest of a person utilizing excessive force for no lawful purpose and the subsequent unlawful seizure of a person's property under the overbroad and nebulous protective cover of California Penal Code 148(a)(1) ("CPC148a1"). The conduct of Defendants conformed to this unlawful policy.

## II. FACTS

16. Initial Contact: On or about June 25, 2015, 3:00am, Plaintiff arrived by car at the Laguna Woods Village guardhouse

to visit a friend who gave him permission to sleep there overnight. Plaintiff gave the guardhouse attendant his name and the address he was visiting. Plaintiff then proceeded to park at his friend's house. At the parking lot, he encountered two security guards that questioned him about his entry. Plaintiff explained that he entered because his friend had given notice to the guardhouse of his pending arrival (even though the attendant failed to find it) and he had nowhere else to go at that late hour. Instead of attempting to verify this story, they instead called the police. Upon arrival, two uniformed males who failed to identify themselves instantly confronted and blocked Plaintiff's path while demanding to see his ID. When Plaintiff questioned this request, they accused him of trespassing to which Plaintiff then offered to leave the property voluntarily. They refused to allow Plaintiff to leave and continued to block his way and demanded his ID. Plaintiff again questioned the need for ID when he had already stated he was just visiting a friend and had given the security guards his friend's phone# to verify this. Plaintiff made no threatening gestures, displayed no weapon, made no attempt to flee, and behaved in a reasonable manner. However, instead of verifying Plaintiff's story for themselves or offering a legal justification for the ID request in a civilized manner, they grabbed both of Plaintiff's arms and rammed him onto the hood of their car, twisted his arms to the point of excruciating pain unnecessarily causing Plaintiff great pain and shoulder damage, then placed handcuffs onto his wrists so tightly as to damage his nerves. At no time did Plaintiff resist or threaten these officers so their extreme actions were unwarranted. They

- 5 -

then proceeded to confiscate Plaintiff's personal property attached to his person and impounded his parked vehicle. The supervising sergeant Duda arrived to investigate, called an ambulance to examine Plaintiff. Duda made no apparent effort to reprimand the officers nor to resolve the situation in a more civilized manner, but instead, allowed Plaintiff to be taken to the Orange County jail. At the jail, Plaintiff was verbally abused by the jailers, and unnecessarily left inside his cell for a prolonged period of time beyond the time necessary for release just for the pleasure of the jailers. Finally, upon the arrival of a new shift 16 hours later, Plaintiff was released after being forced to sign a Notice To Appear, pursuant to the sole charge of violating CPC148a1 with no apparent charge of trespassing.

17. Subsequent Events: Upon arriving at the Harbor Justice Center on July 23, 2015 as promised, no charges were filed against Plaintiff for this incident.

Plaintiff incurred long-term damage to his shoulders and wrist, emotional distress, and loss of valuable time as a consequence of this incident.

18. Custom And Policy: Defendants DUDA and OCSD under color of law condoned and implemented the illegal customs and policies of Officers Allemand and Garza as alleged as they did nothing to stop it. Additionally, Plaintiff consulted with a local Orange County attorney who confirmed that OCSD had a custom and policy of utilizing California CPC148a1 as cover for their wanton use of excessive force against innocent citizens and wrote an article describing exactly such illegal behavior.

III. CAUSES OF ACTION

A. FIRST CAUSE OF ACTION

(Fourth Amendment - Unreasonable Search & Seizure)

19. Incorporation By Reference: Plaintiff refers to paragraphs 1 through 18 inclusive, herewith incorporated by reference.

20. Defendants Charged In This Cause Of Action: Plaintiff alleges, charges, and complains as to the Defendants Allemand, Garza, Duda, and OCSD as set forth in the FIRST CAUSE OF ACTION.

21. Unreasonable Search And Seizure: Defendants detained and arrested Plaintiff without reasonable cause, in the absence of a warrant, invaded his privacy, and assaulted him by applying excessive force to his person, and then proceeded to search and seize his property violating Plaintiff's Fourth Amendment rights.

22. Individual Conduct:

a). Defendants ALLEMAND and GARZA made the warrantless detention, assault, and arrest of Plaintiff, and then continued with the illegal search and seizure of Plaintiff's property in violation of Plaintiff's Fourth Amendment rights as described in paragraph 16.

b). Defendants DUDA and OCSD condoned this behavior as described in paragraph 18.

B. SECOND CAUSE OF ACTION

(Fourteenth Amendment - Due Process & Equal Protection)

23. Incorporation By Reference: Plaintiff refers to paragraphs 1 through 18 inclusive, herewith incorporated by reference.

24. Defendants Charged In This Cause Of Action: Plaintiff alleges, charges, and complains as to the Defendants Allemand, Garza, Duda, and OCSD as set forth in the SECOND CAUSE OF ACTION.

25. Deprivation Of Due Process: Defendants named in this cause of action, illegally deprived Plaintiff of his liberty and property by falsely, unreasonably, and unlawfully detaining and arresting Plaintiff and seizing his person and property without Due Process of law, under color of law.

26. Deprivation Of Equal Protection: Defendants, and each of them, denied Plaintiff Equal Protection under the laws by their actions as set forth in paragraph 16.

27. Individual Conduct:

a). Defendants ALLEMAND and GARZA made the warrantless detention and arrest of Plaintiff, and then continued with the illegal search and seizure of Plaintiff's property without Due Process and Equal Protection in violation of Plaintiff's Fourteenth Amendment rights as described in paragraph 16.

b). Defendants DUDA and OCSD condoned this behavior as described in paragraph 18.

C. THIRD CAUSE OF ACTION

(Fifth Amendment - Deprivation of Liberty And Property Without Due Process of Law)

28. Incorporation By Reference: Plaintiff refers to paragraphs 1 through 18 inclusive, herewith incorporated by reference.

29. Defendants Charged In This Cause Of Action: Plaintiff alleges, charges, and complains as to the Defendants Allemand, Garza, Duda, and OCSD as set forth in the THIRD CAUSE OF ACTION.

30. Deprivation Of Liberty and Property Without Due Process: Defendants detained and arrested Plaintiff without reasonable cause, in the absence of a warrant, invaded his privacy, and then proceeded to search and seize his person and property depriving

him of his liberty and freedom to travel without Due Process of law violating Plaintiff's Fifth Amendment rights.

31. Individual Conduct:

a). Defendants ALLEMAND and GARZA made the warrantless detention, and arrest of Plaintiff, and then continued with the illegal search and seizure of Plaintiff and his property in violation of Plaintiff's Fifth Amendment right to Due Process as described in paragraph 16.

b). Defendants DUDA and OCSD condoned this behavior as described in paragraph 18.

D. FOURTH CAUSE OF ACTION

(First Amendment - Redress Of Grievances)

32. Incorporation By Reference: Plaintiff refers to paragraphs 1 through 18 inclusive, herewith incorporated by reference.

33. Defendants Charged In This Cause Of Action: Plaintiff alleges, charges, and complains as to the Defendants Allemand, Garza, Duda, and OCSD as set forth in the FIRST CAUSE OF ACTION.

34. Redress Of Grievances: Defendants punished Plaintiff for exercising his First Amendment right to Redress Of Grievances when he simply questioned their need to see his ID.

35. Individual Conduct:

a). Defendants ALLEMAND and GARZA conducted the unwarranted assault and battery and arrest of Plaintiff followed by the illegal search and seizure of Plaintiff as punishment for Plaintiff's mere questioning of their request to see ID as described in paragraph 16.

b). Defendants DUDA and OCSD condoned this behavior as described in paragraph 18.

- 9 -

E. FIFTH CAUSE OF ACTION

(State Pendant Claims: Illegal Detention, Arrest, Deprivation Of Liberty And Property; Assault; Excessive Force; Unreasonable Search And Seizure)

36. Incorporation By Reference: Plaintiff refers to paragraphs 1 through 18 inclusive, herewith incorporated by reference.

37. Defendants Charged In This Cause Of Action: Plaintiff alleges, charges, and complains as to the Defendants Allemand, Garza, Duda, and OCSD as set forth in the FIFTH CAUSE OF ACTION.

38. Illegal Detention, Arrest, Deprivation Of Liberty And Property Without Due Process: Defendants, detained and arrested Plaintiff without reasonable cause, in the absence of a warrant, depriving him of his liberty and freedom to travel and then deprived him of his property in violation of State law without Due Process of law.

39. Assault And Excessive Force: Defendants assaulted Plaintiff in violation of State Law using excessive force beyond the requirements of the situation when Plaintiff exhibited no threat to anyone as described in paragraph 16.

40. Unreasonable Search And Seizure: Defendants, detained and arrested Plaintiff without reasonable cause, in the absence of a warrant, invaded his privacy, and then proceeded to search and seize his property violating Plaintiff's State-protected Fourth Amendment rights. Defendants' conduct which made the detainment and arrest unreasonable was the subjective and unreasonable application of State law and violation of State law against the Plaintiff by the Defendants.

41. Individual Conduct:

a). Defendants ALLEMAND and GARZA made the warrantless detention, and arrest of Plaintiff, and unwarranted use of excessive force, then continued with the illegal search and seizure of Plaintiff's property in violation of State law as described in paragraph 16.

b). Defendants DUDA and OCSD condoned this behavior as described in paragraph 18.

42. Knowledge: Defendants, and each of them, knew, or should have known, that it was unreasonable and in violation of California Law to detain and arrest Plaintiff without a warrant, to use excessive force upon a non-threatening person, and to deprive Plaintiff of his liberty and property without legal justification.

**F. SIXTH CAUSE OF ACTION**

(State Pendant Claim: Intentional Infliction of Emotional Distress)

43. Incorporation By Reference: Plaintiff refers to paragraphs 1 through 18 inclusive, herewith incorporated by reference.

44. Defendants Charged In This Cause Of Action: Plaintiff alleges, charges, and complains as to ALL the Defendants as set forth in the SIXTH CAUSE OF ACTION.

45. Defendants' Conduct: The acts and conduct of Defendants, and each of them, were outrageous and were intended to, and did, inflict upon the Plaintiff mental anguish and emotional distress.

46. Mental Anguish/Emotional Distress: As a proximate result of the acts and conduct alleged, Plaintiff suffered grievous mental anguish and emotional distress during the arrest, during the time in jail, and afterwards.

- 11 -

47. Malicious Acts: The acts and conduct of the Defendants, and each of them, were undertaken with malice and in reckless disregard for the health, safety, and welfare of the Plaintiff.

48. Knowledge: Defendants, and each of them, knew, or should have known, that it was unreasonable and in violation of California Law to detain and arrest Plaintiff without a warrant, to use excessive force against him, and to deprive him of his liberty and property without legal justification.

### IV. FINAL PRAYER FOR RELIEF

Based upon the allegations cited above, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A. General Damages: As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered mental and emotional distress and asks for general damages in an amount of $60,000 from the defendants both collectively and severally.

B. Compensatory Damages: As a direct result of the conduct of the Defendants, Plaintiff incurred direct costs and expenses that have yet to be finalized.

C. Punitive Damages: The Defendants, and each of them, are guilty of fraud, malice, and oppression as defined in California Civil Code Section 3294, and Plaintiff should recover, in addition to actual damages, damages to make an example of and to punish the Defendants, and each of them and asks for exemplary damages in an amount subject to proof to be determined at trial, to be collected from the Defendants both collectively and severally as allowed by law.

D. Legal Fees And Expenses: For legal fees and expenses under the Civil Rights Attorneys Fees Award Act of 1976.

E. Costs: For all reasonable costs incurred herein.

F. Expungement: For expungement of the arrest record.

G. Miscellaneous: For such other and further relief as the court may deem just and appropriate under the circumstances.

A jury trial is hereby demanded.

DATED: 2016-08-06

Respectfully Submitted,

Alan Nakamura, Pro Se Plaintiff

VERIFICATION

I, Alan Nakamura, the Plaintiff in the above-entitled action, verify under the penalty of perjury under the laws of the United States Of America, by virtue of 28 U.S.C. Section 1746, that the foregoing complaint is true and correct to the best of my knowledge, except to those things which I rely upon information and belief, and as to those things I believe them to be true and correct, and that this declaration was executed on this 6 day of August , 2016 at Orange County, California.

Respectfully Submitted,

Alan Nakamura, Pro Se Plaintiff